**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                  CRIMINAL NO. 06-20280
                                  HON. LAWRENCE P. ZATKOFF

D-1 LUIS JIMENEZ,

        Defendant.

_____/

**OPINION AND ORDER REVOKING ORDER OF RELEASE**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on the Government's motion revoke the Magistrate Judge's order of pretrial release for Defendant. Defendant has responded to the Government's motion, and the Government has replied to the response. The Court has thoroughly reviewed the parties' briefs and the transcripts of the two hearings before the Magistrate Judge. The Court finds that the facts and legal arguments are adequately presented in the parties' briefs and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, the Government's motion is GRANTED.

**II. BACKGROUND**

Defendant, along with nine others, has been charged with various drug-related offenses in a thirteen count indictment filed in this Court. Defendant was arrested in San Diego, California, on June 1, 2006. At Defendant's initial appearance in federal court in the Southern District of California, the Government asked that he be detained pending trial based on risk of flight and danger to the community. On June 7, 2006, after a detention hearing, the Magistrate Judge ordered Defendant detained pending trial.

Defendant then sought and received a second detention hearing on June 12, 2006. After the second hearing, the Magistrate Judge ordered Defendant released on bond. Conditions included a $425,000 bond secured by two properties, and participation in an active satellite monitoring program. The Government then filed a motion in this Court to stay and revoke the order of release. This Court granted the stay on June 15, 2006.

### III. LEGAL STANDARD

18 U.S.C. § 3145 provides for the review of a Magistrate Judge's release order.

(a) Review of a release order. If a person is ordered released by a magistrate [United States magistrate judge], or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court--
   (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release; and
   (2) the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release.

The motion shall be determined promptly.

Although the standard of review for motions pursuant to 18 U.S.C. § 3145(a) has not been directly addressed by the Sixth Circuit, district courts in the Circuit use a *de novo* standard of review, and this appears to be the majority view in the other Circuits. *See United States v. Koubriti*, No. 01-80778, 2001 U.S. Dist. LEXIS 19823, *16-17 (E.D. Mich. October 16, 2001). Thus, the

Court will review the Magistrate Judge's order using a *de novo* standard.

18 U.S.C. § 3142(e) provides that a defendant must be detained pending trial if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." When making this determination, the Court must consider the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including–
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142 (g).

Furthermore, the statute provides that:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is

probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

18 U.S.C. § 3142(e).

## IV.  ANALYSIS

### A.  Statutory presumption of 18 U.S.C. § 3142(e)

The first issue is whether the statutory presumption described above applies. Defendant argues that it does not, but does not address the language of 18 U.S.C. § 3142(e). Count 1 of the indictment charges Defendant with conspiracy to possess with intent to distribute 100 kilograms of a substance containing a detectable amount of marijuana. 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(B) provide that the maximum sentence for that offense is forty years.

Furthermore, there is probable cause to believe Defendant committed the offense. The Government alleges that multiple wiretaps reveal Defendant arranging for the shipment of marijuana to Michigan. The Government also claims that three shipments of marijuana sent by Defendant were intercepted by law enforcement officers, and money sent to Defendant as payment for marijuana was also intercepted. These factors are more than sufficient to establish probable cause that Defendant committed the offense. Thus, "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of [Defendant] as required and the safety of the community." 18 U.S.C. § 3142(e).

### B.  Factors of 18 U.S.C. § 3142(g)

A consideration of the factors detailed in 18 U.S.C. § 3142(g) demonstrates that Defendant has failed to rebut that presumption. First, regarding the nature and circumstances of the offense charged, Defendant and nine others are charged with serious violations of the Controlled Substances

Act, carrying a statutory maximum of forty years in prison. In its brief, the Government alleges that Defendant was the lead supplier of the narcotics, and was responsible for the shipment of thousands of pounds of marijuana into Michigan. Defendant argues that he was not charged with thousands of pounds of marijuana in the indictment. Nevertheless, Defendant was charged with conspiracy to possess with intent to distribute 100 kilograms of marijuana, which, as noted above, carries a statutory maximum of forty years.

Second, regarding the weight of the evidence, the Government alleges that numerous wiretaps reveal Defendant arranging for the shipment of marijuana to Michigan. In addition, the Government also claims that three shipments of marijuana sent by Defendant were intercepted by law enforcement officers, and money sent to Defendant as payment for marijuana was also intercepted. In response, Defendant notes that he was not observed with marijuana, and no contraband was in his possession when he was arrested. However, these factors do not mitigate the evidentiary strength of the wiretaps and intercepted shipments.

Third, regarding the history and characteristics of Defendant, Defendant was convicted in 1997 of assault with a deadly weapon, and of parole violations in 1998 and 2003. The Government alleges that Defendant has made frequent trips to Mexico to arrange for his supply of drugs. Defendant attempts to mitigate the 1997 assault by framing it as an act of self-defense. Apparently, Defendant bumped a van with his car door. The van's owner then threatened Defendant with an iron bar. Defendant fired a gun at the owner, and at the van. The Government notes that the charge relating to the claim of self defense was dismissed, and Defendant was convicted of firing a gun at the van, which contained children.

Defendant also argues that his parole violations involved the possession of a single bullet and

a trip out of the jurisdiction to visit his children. As the Government notes, however, Defendant does not dispute his ties with Mexico.

Fourth, regarding the nature and seriousness of the danger to any person or the community, the Government argues that Defendant has a violent past, and was the leader of a large drug conspiracy. One of Defendant's co-conspirators also alleges that Defendant threatened to harm his children if he failed to pay for a shipment of marijuana. Defendant again argues that he does not have a violent record, and challenges the reliability of the co-conspirator's claim.

The factors discussed above demonstrate that Defendant has not rebutted the statutory presumption. Defendant has produced some evidence tending to mitigate the Government's claims regarding his violent past. However, the Sixth Circuit has held that "[t]he presumption [does] not vanish simply because the defendants came forward with evidence to rebut it." *United States v. Webb*, No. 00-6368, 2000 U.S. App. LEXIS 28040, *3 (6th Cir. 2000). In addition, "[t]he court may continue to give the presumption some weight by keeping in mind that Congress has determined that drug offenders pose a special risk of flight and dangerousness to society." *Id.* (quotation omitted).

The circumstances of this case show that Defendant poses a special risk of flight and dangerousness to society. The Government alleges that Defendant was the lead supplier for a narcotics conspiracy, the evidence against him is strong, and he faces a statutory maximum of forty years in prison. Defendant's contacts with Mexico further increase the risk of flight. In addition, the report of a past threat made by Defendant to a co-conspirator shows his willingness to use violence, and further shows he poses a continued danger to society.

Thus, the Court holds that there are no conditions that will reasonably assure the appearance of Defendant as required and the safety of any other person and the community. The Court notes

that at the first detention hearing before the Magistrate Judge on June 7, 2006, the Magistrate Judge denied Defendant's release.   The only change in circumstances between that hearing and the one on June 12, 2006, where the Magistrate Judge granted Defendant's release, was the offering of the house owned by Defendant's mother and brother as security for a $425,000 bond.

However, as the Government points out, Defendant's mother and brother paid $745,000 for the house, and took out a mortgage for $745,000.  Thus, the only equity in the house is the increase in the appraised value of the house, an amount allegedly between $65,000 and $100,000.  As the Government points out, Defendant's relatives have nothing to lose except for a "quick profit based on an unstable real estate market."  Government's Reply Brief at 4.  The Court agrees with the Government's assessment.

## V.  CONCLUSION

For the above reasons, the Government's motion revoke the Magistrate Judge's order of pretrial release for Defendant is GRANTED.  Defendant will be detained by the Attorney General pending trial.

IT IS SO ORDERED.


    s/Lawrence P. Zatkoff
    LAWRENCE P. ZATKOFF
    UNITED STATES DISTRICT JUDGE

Dated:  June 27, 2006

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 27, 2006.

7

s/Marie E. Verlinde
Case Manager
(810) 984-3290
